UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| *In re:* | CIVIL ACTION |
| INTERPLEADER OF GOVERNMENT EMPLOYEES INSURANCE COMPANY | NO. 13-168-SDD-RLB |

### RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Petitioner/Complainant in Interpleader, Government Employees Insurance Company ("GEICO"). No opposition to the motion has been filed. For the reasons which follow, the motion is DENIED.

### I. FACTUAL BACKGROUND

On May 10, 2009, Leaser Butler Crockett ("Crockett") was involved in a motor vehicle accident with Francis Hillyard, Jr. in East Baton Rouge Parish, State of Louisiana. Following this accident, Crockett received treatment from various medical providers relating to injuries sustained as a result of the accident. At the time of the accident, Crockett was insured under a motor vehicle liability insurance policy issued by GEICO[2] which provided uninsured/underinsured motorist coverage with limits of $10,000 per person for bodily injury and medical payments coverage with limits of $10,000.

On December 14, 2012, GEICO received a letter from Lewy Physical Therapy, Inc. (via

---

[1] Rec. Doc. No. 20.

[2] Policy No. 0202-10-40-06.

Doc 169                                       1

Chloe Thomas) advising GEICO of Lewy's assertion of its "medical provider privilege" under La. R.S. 9:4752 *et seq.* in the amount of $2,781.99 for medical treatment provided to Crockett. GEICO had also been furnished a copy of the Joubert Law Firm, APLC's retainer agreement with Crockett and advised that this agreement was recorded in the Mortgage Records of East Baton Rouge Parish to secure the firm's "privilege" under La. R.S. 37:218.[3]

On March 15, 2013, GEICO filed a *Complaint* in Interpleader pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure. GEICO named as Defendants the following potential claimants to the funds at issue in this case: Leaser Butler Crockett, Joubert Law Firm, APLC, Law Offices of M.D. Breaux, LLC, The Baton Rouge Clinic, Baton Rouge General Medical Center, Baton Rouge Radiology Group, Inc., the Schumacher Group, Lewy Physical Therapy, Inc., and Centers for Medicare & Medicaid Services.[4] GEICO also requested permission to deposit $20,000 into the Registry of the Court as "representing its full responsibility under the policy of insurance in force and effect at the time of the May 10, 2009 accident."[5] The Court granted GEICO's motion to deposit the funds into the registry of the Court.[6] *Answers* to the *Complaint* have been filed by the Law Offices of M.D. Breaux, Crockett, and Centers for Medicare & Medicaid Services.[7] GEICO has moved for summary judgment arguing that it has satisfied all obligations it has to the parties in this proceeding and seeks dismissal with prejudice. No oppositions to this

---

[3] Rec. Doc. No. 20-1.

[4] Rec. Doc. No. 1.

[5] *Id.* at p. 6, ¶ 15.

[6] Rec. Doc. No. 19.

[7] Rec. Doc. Nos. 16, 18, 23.

motion have been filed.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[8] The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[9] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[10] If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[11]

If the moving party meets this burden, Rule 56 (c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[12] The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions,

---

[8] Fed. R. Civ. P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).

[10] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (*quoting Celotex*, 477 U.S. at 323-25, 106 S.Ct. at 2552).

[11] *Id.* at 1075.

[12] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).

metaphysical doubt as to the facts, or a scintilla of evidence.[13] Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[14] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[15] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[16]

### B. Interpleader Requirements

Under 28 U.S.C. § 1335, "district courts shall have original jurisdiction of any civil action of interpleader ... filed by any person, firm, or corporation, association, or society having ... issued a ... policy of insurance ... of value or amount of $500 or more ... if (1) Two or more adverse claimants, of diverse citizenship ... are claiming or may claim to be entitled to such ... policy ... and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument ... into the registry of the court...."[17]

GEICO has met the statutory requirements of 28 U.S.C. § 1335.

### C. GEICO's Obligations Under the Policy

GEICO attached to its *Motion for Summary Judgment* the motor vehicle insurance policy at

---

[13] *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047.

[14] *Wallace*, 80 F.3d at 1048 (*quoting Little*, 37 F.3d at 1075). *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

[15] *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of rehearing*, 70 F.3d 26 (5th Cir. 1995).

[16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

[17] 28 U.S.C. § 1335(a) (2005).

issue. This policy provides coverage limits of $10,000/$20,000 for bodily injury liability for each person/each occurrence, $25,000 for property damage liability, $10,000 for medical payments, and $10,000/$20,000 for uninsured motorists bodily injury for each person/each occurrence.[18] On June 11, 2013, GEICO deposited into the registry of the Court $10,000 for bodily injury and $10,000 for medical payments in accordance with the policy. However, GEICO has not deposited the $25,000 in property damage coverage into the registry of the Court, nor has it addressed the issue of potential property damage in its motion. Additionally, GEICO has a duty to defend the insured pursuant to the Automobile Policy Amendment wherein GEICO obligates itself to "defend any suit for damages payable under the terms of this policy."[19]

Most courts that have addressed a policy with a duty to defend have held that "an insurer does not relieve itself of its duty to defend by merely depositing its policy limits into the registry of the court."[20] In *Emcasco Insurance Company v. Davis*, the insurer deposited its policy limits into the registry of the court and asked to be released from its duty to defend the insured.[21] The court found that by inclusion of language similar to that in GEICO's policy, "[t]he insurance carrier and the insureds did not agree that the insurance carrier could rid itself of the liabilities assumed by it and contracted for by the insureds by the carrier filing a lawsuit in federal court and dumping the policy

---

[18] Rec. Doc. No. 20-3.

[19] Rec. Doc. No. 20-3, p. 19.

[20] *Complaint of Guey*, No. 93-61, 1993 WL 262692, *2 (E.D. La. July 2, 1993)(*See e.g. Emcasco Ins. Co. v. Davis*, 753 F.Supp. 1458, 1460 (W.D.Ark.1990); *Utah Power & Light Co. v. Federal Ins. Co.*, 711 F.Supp. 1544, 1554 (D.Utah 1989); *Millers' Mut. Ins. v. Iowa Nat. Mut.*, 618 F.Supp. 301, 304–307 (D.Colo.1985); *Anderson v. United States Fidelity & Guar. Co.*, 339 S.E.2d 660, 661 (Ga.1986).

[21] 753 F.Supp. 1458 (W.D. Ark. 1990).

limits into the registry of that court, thus abandoning the insureds."[22] The court continued:

> In short, the court holds that Emcasco may not shed itself of the duties which it contracted to provide by paying policy limits into the registry of the court. In so doing, it has not "exhausted" its limits by the payment of claims for which the insureds are "legally responsible because of an auto accident" as required by the terms of the very policy issued and written by the carrier. The limits aren't "exhausted." They are lying over in the clerk's office, right where the insurance company put them.[23]

Considering the applicable jurisprudence and the clear and unambiguous language in the policy at issue in this case, the Court cannot find that GEICO has necessarily satisfied all obligations it has under the policy.

### III.  CONCLUSION

Based on the current record before the Court, the Court finds that summary judgment is not appropriate at this time. Although no parties have opposed GEICO's motion, the Court is not convinced that no material issues of fact exist with regard to property damage coverage or GEICO's contractual duty to defend. Accordingly, GEICO's *Motion for Summary Judgment* is DENIED.[24]

**IT IS SO ORDERED.**

BATON ROUGE, Louisiana, this 26 day of July, 2013.

*[signature]*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[22] *Id.* at 1460.

[23] *Id.* at 1461.

[24] The Court reserves to GEICO the right to file a motion for summary judgment at a later date should the issues raised in this *Ruling* be clearly resolved.